UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-426-MOC-SCR

| ASHER BRONSTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| PALMETTO SOLAR, LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Bifurcate Discovery (Doc. No. 18). Having considered Defendant's motion and the parties' arguments, the Court **DENIES** Defendant's motion.

Plaintiff sued Defendant individually and on behalf of all others similarly situated under the Telephone Consumer Protection Act ("TCPA"). Plaintiff contends that Defendant, or those acting on Defendant's behalf, called him numerous times in violation of § 227 of the TCPA. Defendant filed a third-party complaint against those who may be liable to it for the allegedly wrongful phone calls. Defendant argues that discovery should be bifurcated into three phases: "(1) discovery into Plaintiff's individual claims under TCPA § 227, et seq. and [Defendant's] Third-Party Complaint, (2) discovery into the appropriateness of class certification if Plaintiff's claim proceeds, and (3) if any class is ultimately certified, merits discovery for the class." (Doc. No. 18-1 at 1–2).

Defendant contends that bifurcated discovery is more efficient because the parties can avoid unnecessary discovery into other issues if Plaintiff's claims fail. (Id. at 6). Defendant also

-1-

Case 3:25-cv-00426-MOC-SCR    Document 27    Filed 02/18/26    Page 1 of 3

argues that, if Plaintiff's claim has merit, additional phased discovery—splitting the class certification issue from the merits of the case—would help avoid unnecessary discovery and undue burden to Defendant. (Id. at 10).

Plaintiff responds that bifurcated discovery would be inefficient and prejudicial to Plaintiff because it would require duplicative discovery and substantial delays at each phase while the Court reviews the inevitable motions to proceed with further discovery. (Doc. No. 22 at 5). Additionally, Plaintiff contends, bifurcating discovery would lead to disputes regarding the scope of bifurcation and require the Court to needlessly hear argument on discovery issues that need not exist. (Id. at 6).

"Whether to order bifurcation of claims/issues, during discovery or at trial, rests squarely within the broad discretion of the District Court." Cardenas v. Resort Sales by Spinnaker, Inc., No. 9:20-cv-376, 2021 WL 733393, at *1 (D.S.C. Feb. 24, 2021) (citing Maher v. Cont'l Cas. Co., 76 F.3d 535, 545 (4th Cir. 1996)). "Bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." Cent. Trans. Int'l, Inc. v. Gen. Elec. Co., No. 3:08-cv-136, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008) (citation modified).

The Court finds Plaintiff's arguments more persuasive and will **DENY** Defendant's Motion to Bifurcate Discovery (Doc. No. 18). Defendant essentially asks this Court to apply a rule that applies only in the exceptional case to a run-of-the-mill class action. See id. Defendant's arguments are certain to be true of any class action lawsuit: if the lead plaintiff's claims do not have merit or the class cannot otherwise be certified, the class action disappears, and the defendant saves time and money by not having to litigate the rest of the case. Defendant has not

pointed to any facts that make this case exceptional. Although Defendant takes issue with some of Plaintiff's factual allegations, its contention that Plaintiff's allegations are untrue is itself a question to be resolved in discovery and not for the Court's summary decision on a discovery motion. Furthermore, Plaintiff is correct that bifurcation is more likely to lead to inefficiencies, duplication, and unnecessary and avoidable discovery disputes. See Cent. Trans. Int'l, 2008 WL 4457707, at *3 ("Rather than establish, as the Defendants contend, that bifurcated discovery would promote efficiency, an examination of the record establishes that limiting discovery initially to the NMFC issue will result ultimately in duplicative discovery that will waste time, money and scarce judicial resources."). Accordingly, Defendant's motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Bifurcate Discovery (Doc. No. 18) is **DENIED**.

Signed: February 18, 2026

Max O. Cogburn Jr.
United States District Judge